DAVID L. PINKSTON (6630)
P. MATTHEW COX (9879)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
Email:  dlp@scmlaw.com
        pmc@scmlaw.com

*and*

RICHARD J.J. SCAROLA, ESQ. (*to move for admission pro hac vice*)
ALEXANDER ZUBATOV, ESQ. (*to move for admission pro hac vice*)
SCAROLA ZUBATOV SCHAFFZIN PLLC
1700 Broadway, 41st Fl.
New York, NY  10019
Tel.:  (212) 757-0007
Email:  rjjs@szslaw.com
        az@szslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DRIP CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SEAICH CARD & SOUVENIR CORPORATION and GENTOX MEDICAL SERVICES LLC, <br><br> Defendants. | **COMPLAINT FOR WRIT OF REPLEVIN AND ASSISTANCE, FOR MONEY DAMAGES AND FOR INJUNCTIVE RELIEF** <br><br> Case No.: <br><br> Honorable <br><br> JURY DEMANDED |

Plaintiff, Drip Capital, Inc. ("Drip Capital" or "plaintiff"), complains against defendants Seaich Card & Souvenir Corporation ("Seaich") and Gentox Medical Services LLC ("Gentox"), for a Writ of Replevin and Assistance, for Money Damages (including with alter ego liability as between the two defendants), and for Injunctive Relief in accordance with FRCP 65, and alleges as follows:

## PARTIES

1. Drip Capital is a corporation organized under the laws of Delaware and has its principal place of business located at 555 Bryant Street, #356, Palo Alto, California.

2. Seaich is a corporation organized under the laws of Utah and has its principal place of business located at 4375 W. 1980 S., Salt Lake City, Utah.

3. Gentox is a limited liability company organized under the laws of Pennsylvania and has its principal place of business located at 4375 W. 1980 S., Salt Lake City, Utah. On information and belief, including statements of defendant and its principal, all members of the LLC are residents of Utah, and none are residents of Delaware or California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 27 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and this controversy is between citizens of different states.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (c).

## GENERAL ALLEGATIONS

6. Defendant Seaich owes plaintiff $524,855.95 (as of August 9, 2022) pursuant to the parties' Master Supply Chain Financing Promissory Note, dated October 27, 2021 (the "Seaich Agreement," attached as Exhibit 1 hereto), having defaulted months ago on its contractual obligations to pay plaintiff pursuant to the Seaich Agreement and loans made by plaintiff to Seaich in accordance with it.

7. A copy of Seaich's requests for loans — in the form of advances to its suppliers — pursuant to the Seaich Agreement is compiled in Exhibit 2 hereto.

8. A copy of the records of plaintiff's wire transmittals of these advances, all made in the last quarter of 2021, is compiled in Exhibit 3 hereto.

9. Seaich Agreement ¶ 16.2 provides that repayment of each of the loans at issue (together with accrued interest) was due, at the latest, "ninety (90) days from the date each Advance [wa]s made."

10. Seaich has failed and refused to pay plaintiff and is in default.

11. Defendant Gentox owes plaintiff $46,849.93 (as of August 9, 2002) pursuant to the parties' Master Supply Chain Financing Promissory Note, dated November 26, 2021 (the "Gentox Agreement," attached as Exhibit 4 hereto), having defaulted months ago on its contractual obligations to pay plaintiff pursuant to the Gentox Agreement and loans made by plaintiff to Gentox in accordance with it.

12. A copy of Gentox's requests for loans — in the form of advances to its suppliers — pursuant to the Gentox Agreement is compiled in Exhibit 5 hereto.

13. A copy of the records of plaintiff's wire transmittal of these advances, made in the last quarter of 2021, is compiled in Exhibit 6 hereto.

14. Gentox Agreement ¶ 16.2 provides that repayment of each of the loans at issue (together with accrued interest) was due, at the latest, "ninety (90) days from the date each Advance [wa]s made."

15. Despite plaintiff's demands for payment, Gentox has failed and refused to pay plaintiff and is in default.

16. In summary, Seaich and Gentox owe the following amounts, inclusive of interest calculated through August 9, 2022, per their agreements with Drip Capital, with the first table below reflecting Drip Capital's loans to Seaich and the second table below reflecting Drip Capital's loans to Gentox:

| **Amounts Loaned by Drip Capital to Seaich and Due from Seaich as of August 9, 2022** | | | | | |
|---|---|---|---|---|---|
| **Invoice ID** | **Invoice Number** | **Supplier Name** | **Principal Amount** | **Disbursed Date** | **Total Payment Expected (calculated as of 8/9/22)** |
| SCF1752 | SJ-KB-056-03 | Hebei Sujie Bike Co., Ltd | $36,885.54 | November 12, 2021 | $40,297.46 |
| SCF1811 | SJ-KB-056-01 | Hebei Sujie Bike Co., Ltd | $36,329.56 | November 17, 2021 | $39,651.19 |
| SCF1822 | 91E211P3704 | Zhejiang Willing Foreign Trading Co., Ltd | $181,080.80 | November 17, 2021 | $197,516.40 |
| SCF1823 | SJ-KB-056-09 | Hebei Sujie Bike Co., Ltd | $31,562.00 | November 17, 2021 | $34,451.24 |
| SCF1824 | SJ-KB-056-08 | Hebei Sujie Bike Co., Ltd | $38,360.12 | November 17, 2021 | $41,875.93 |
| SCF1825 | SJ-KB-056-04 | Hebei Sujie Bike Co., Ltd | $30,535.47 | November 17, 2021 | $33,378.24 |
| SCF1826 | SJ-KB-056-06 | Hebei Sujie Bike Co., Ltd | $25,802.91 | November 17, 2021 | $28,144.88 |

3

| SCF1827 | SJ-KB-056-05 | Hebei Sujie Bike Co., Ltd | $32,307.32 | November 17, 2021 | $35,315.04 |
| --- | --- | --- | --- | --- | --- |
| SCF1828 | SJ-KB-056-12 | Hebei Sujie Bike Co., Ltd | $33,318.38 | December 9, 2021 | $36,121.29 |
| SCF1829 | SJ-KB-056-10 | Hebei Sujie Bike Co., Ltd | $35,147.50 | December 9, 2021 | $38,104.28 |
| **Total** | | | **$481,329.60** | | **$524,855.95** |

| **Amounts Loaned by Drip Capital to Gentox and Due from Gentox as of August 9, 2022** | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Invoice ID** | **Invoice Number** | **Supplier Name** | **Principal Amount** | **Disbursed Date** | **Payment Received** | **Payment Date** | **Total Payment Expected (calculated as of 8/9/22)** |
| SCF2059 | RSD20210518-5 | Tianjin RSD Bicycle Co., Ltd / Bicystar Group Co., Ltd | $46,512.48 | December 22, 2021 | $46,722.24 | January 18, 2022 | $458.76 |
| SCF2060 | RSD20210518-15 | Tianjin RSD Bicycle Co., Ltd / Bicystar Group Co., Ltd | $43,078.88 | December 22, 2021 | | | $46,391.17 |
| **Total** | | | **$89,591.36** | | **$46,722.24** | | **$46,849.93** |

17. The Seaich Agreement and Gentox Agreement, both at ¶ 10 thereof, provide that Drip Capital is entitled to recover its collection costs, including attorneys' fees, but those costs and fees are ongoing and not tabulated at this time. Those costs and fees are owed in addition to the amounts tabulated above.

18. To secure its debt to plaintiff, Seaich granted plaintiff a security interest in "all [its] current and future assets," Seaich Agreement ¶ 7.5.2, which assets are described in more detail at Seaich Agreement ¶ 16.8.

19. To secure its debt to plaintiff, Gentox granted plaintiff a security interest in "all [its] current and future assets," Gentox Agreement ¶ 7.5.2, which assets are described in more detail at Gentox Agreement ¶ 16.8. The property pledged as collateral under the Agreements may be referred to, herein, as the "Collateral".

20. On March 17, 2022, plaintiff filed a UCC-1 Financing Statement in Utah (among other states) with respect to Seaich as debtor, attached as Exhibit 7 hereto.

21. On March 16, 2022, plaintiff filed a UCC-1 Financing Statement in Utah and Pennsylvania (among other states), with respect to Gentox, as debtor, which Financing Statements are attached as Exhibit 8 hereto.

22. Upon investigation, plaintiff discovered that defendants have extensive assets and property available to be seized, with the assistance of the Court, to pay the amounts due to plaintiff.

23. Those assets include inventory and vehicles held at the Seaich premises, as has been uncovered and documented by a private investigative service, EyesOn Private Investigations, through investigation that commenced in May of this year.

24. According to that investigation, including extensive discussions with defendants' personnel, including defendants' principal Uriah Kennedy, as well as numerous on-site visits to the defendants' current 47,000 square-foot warehouse, located at 1980 S. 4375 W., Salt Lake City, the warehouse contains extensive inventory belonging to Seaich, the value of which may be in excess of $4 million.

25. The investigation further shows that the warehouse also contains Gentox property, described as having a wholesale value of between $700,000 and $1 million.

5

26.     The investigation concluded that the most valuable Gentox property is located at the home of its principal, Uriah Kennedy, 3194 East Layton Ridge Drive, Layton, Utah.  Such property is also available to be seized.

27.     Finally, the investigation identified two motor vehicles owned by Seaich, a 2021 Chevy Corvette and a 2022 Chevy Corvette, and two motor vehicles owned by Gentox, a 2000 Jeep and a 2008 Kia, and all those vehicles are available for seizure.

28.     In the event that the property of each defendant is insufficient to satisfy the debt owed by that defendant, the property owned by either can and should go toward the payment of the other's debt due to substantial evidence uncovered by the investigation and by plaintiff's own investigation that the finances, assets and businesses of the two defendant entities are substantially intermingled.

29.     Pursuant to Utah Code § 70A-9a-609, plaintiff is entitled to foreclose on the debt and take possession of all the collateral described above.  Because plaintiff has a security interest in each defendant's property, as set forth in the Seaich and Gentox Agreements and described above, plaintiff is entitled to take possession of it under Utah Code § 70A-9a-609.  Fed. R. Civ. P. 64 and Utah R. Civ. P. 64 permit plaintiff to seek replevin of the property under these circumstances.

## COUNT I
### WRIT OF REPLEVIN (AND ASSISTANCE)

30.     Plaintiff realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

31. Defendants have failed to pay what is due under the Agreements and are in default pursuant to ¶ 7 of the Seaich Agreement and Gentox Agreement. Defendants wrongfully retain possession of the collateral.

32. Upon a breach of the Agreements, plaintiff is entitled to immediate possession of these defendants' collateral, as permitted by ¶¶ 7.3 and 7.5 of the Agreements and pursuant to Utah Code § 70A-9a-609.

33. Certain funds owed to Seaich, but by no means all of its funds or any of its other assets, are the subject of an Interpleader proceeding in this Court, *Walmart v. Drip Capital*, *et al.*, 2:22-cv-00545-BSJ. Those funds apparently arise out of a vendor relationship between Seaich and Walmart. Those funds are not and would not be subject to the relief requested here and their disposition will be adjudicated in that Interpleader case.

34. Plaintiff is entitled to a writ of replevin pursuant to Utah Rules of Civil Procedure 64A(c) *et seq.* as requested here.

## COUNT II
## BREACH OF CONTRACT

35. Plaintiff realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

36. The Seaich Agreement and the Gentox Agreement are valid, binding contractual obligations of the Defendants. Plaintiff has performed all of its obligations under the Seaich Agreement and the Gentox Agreement.

37. Defendants have defaulted under the terms of the Agreements by failing to repay funds advanced by plaintiff in the time permitted by the Agreements.

38. As a result of Seaich's default, plaintiff has been damaged in an amount to be determined at trial, but in no case less than $524,855.95 as of August 9, 2022, together with accumulating interest.

39. As a result of Gentox's default, plaintiff has been damaged in an amount to be determined at trial, but in no case less than $46,849.93 as of August 9, 2022, together with accumulating interest.

40. Pursuant to ¶ 10 of each Agreement, each defendant also owes plaintiff collection costs, including attorneys' fees, but those costs and fees are ongoing and not tabulated at this time. Those costs and fees are owed in addition to the amounts tabulated above.

## COUNT III
## ALTER EGO LIABILITY

41. Plaintiff realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

42. The businesses and even the purchases of the Seaich and Gentox are substantially intermingled and co-mingled, such that any property of one should be available to satisfy the debt of the other.

43. Plaintiff has ascertained facts through a private investigator which establish this based on first-hand interactions.

44. Further, as can be seen on the websites of each company, and as was explained to the private investigator, Seaich is generally engaged in the importing, principally from China and other places in East Asia, of toys and leisure products such as bicycles and games while Gentox, by contrast, is engaged in the sale of various medical industry products.

45. However, Gentox assets are used to purchase products that fall into the Seaich domain — such as even bicycles purchased with the Gentox funds borrowed by Gentox from plaintiff — such that even the Gentox debt at issue in this case was used to acquire Seaich inventory. Similarly, Seaich purchases from Chinese suppliers Gentox business medical equipment that is part of Gentox's business rather than its own.

46. As such, if for any reason the assets available for seizure or ultimate payment and sale of either defendant are insufficient to satisfy the debts of such defendant, any surplus assets of the other defendant (in other words, assets exceeding what is needed to satisfy such entity's debt) should be available to satisfy the debt of the other jointly controlled entity.

47. By reason of the foregoing allegations, Seaich and Gentox are the alter ego of each other because they have such unity of interest and ownership that the separate legal personalities of the two corporations do not exist and their use and observance of the corporate form sanctions fraud, and promotes injustice and inequitable results, as to the creditors of each.

48. Among other things, assets of each entity are held by the other such that those assets of each entities should be available to satisfy the debts of each other.

49. For the foregoing reasons, all assets of each of Seaich and of Gentox are available to satisfy the debts of the other.

## COUNT IV
## INJUNCTIVE RELIEF

50. Plaintiff realleges the allegations contained in the previous paragraphs of its Complaint as if fully set forth herein.

51. Plaintiff, for all of the foregoing reasons, in accordance with FRCP 65, asks that this Court enjoin each defendant from selling or otherwise disposing of any of its assets, and of

encumbering any of its assets, until the debt of each defendant to plaintiff is fully paid, because plaintiff will prove its right to relief on the merits and such actions would cause plaintiff irreparable harm and with the equities weighing in plaintiff's favor because the conduct to be enjoined would result in the alienation of assets in which plaintiff has a security interest to secure its debt, with no remedy available to be made whole in money damages or otherwise for the defeat of those rights, and all equitable considerations weigh in favor of defendants being so enjoined.

## JURY DEMAND

On all counts and claims triable by jury, Plaintiff hereby demands a jury, pursuant to Fed. R. Civ. P. 38(b).

WHEREFORE, plaintiff prays for judgment against Defendants, as follows:

A. On Count I, that plaintiff be awarded immediate possession of the Collateral and that the Court enter an order (a) directing the defendants not to transfer, alienate, hypothecate, encumber, or waste the Collateral; (b) authorizing issuance of a writ of replevin against each of defendants, directing such defendants to turn over possession of all Collateral, including as identified herein, immediately but no later than twenty-four (24) hours of the date of this Court's Order authorizing the writ; (c) authorizing issuance of a writ of replevin and assistance ordering the United States Marshal or any other designated authorities of any district or county where defendants' property can be found, to use all reasonable and necessary force to obtain possession of such property, and in the event that such property cannot be located, require such defendant to appear before this Court to answer for the whereabouts, and if such property is not returned,

enter judgment in favor of plaintiff and against such defendant for the fair market value of the property not returned, plus interest, costs and attorneys' fees;

  B. On Counts II and III, judgment in favor of plaintiff and against defendant Seaich in the amount of at least $524,855.95 (as of August 9, 2022), and against defendant Gentox in the amount of at least $46,849.93 (as of August 9, 2022), plus further prejudgment interest under the terms set forth in the Agreements, plus costs and attorneys' fees, and for the full amount against each on alter ego liability grounds;

  C. On Count IV, for an injunction, prohibiting each defendant from selling, encumbering, or otherwise disposing of any of its assets, until the debt of each defendant to plaintiff is fully paid.

  D. On all Counts, for prejudgment interest, costs and attorneys' fees, and any further relief as this Court deems just under the circumstances.

  DATED this 1st day of September, 2022

        SNOW, CHRISTENSEN & MARTINEAU

        /s/ David L. Pinkston
        David L. Pinkston
        P. Matthew Cox
         *and*
        SCAROLA ZUBATOV SCHAFFZIN PLLC
        Richard J.J. Scarola, Esq. (*to move for admission pro hac vice*)
        Alexander Zubatov, Esq. (*to move for admission pro hac vice*)
        *Attorneys for Plaintiff*

Plaintiff's address:
555 Bryant Street, #356
Palo Alto, California.