UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DRIP CAPITAL,<br><br>         Plaintiff,<br><br>v.<br><br>GENTOX MEDICAL SERVICES and<br>SEAICH CARD & SOUVENIR,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR WITHDRAWAL OF COUNSEL (DOC. NO. 42)**<br><br>Case No. 2:22-cv-00558<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Attorney Zachary T. Hadley of the law firm Smith Knowles, P.C. moves to withdraw as counsel for Defendants Gentox Medical Services and Seaich Card & Souvenir.[1]  Plaintiff Drip Capital opposes Mr. Hadley's withdrawal motion.[2]  Mr. Hadley's motion complies with the requirements of the District of Utah's Local Rules of Civil Practice.[3]  Given this compliance and

---

[1] ("Mot.," Doc. No. 42.)

[2] (Mem. in Opp'n to Mot. to Withdraw as Counsel ("Opp'n"), Doc. No. 44.)  Mr. Hadley filed a reply to Drip Capital's opposition.  (*See* Reply to Mem. Opp'n to Mot. to Withdraw as Counsel ("Reply"), Doc. No. 45.)

[3] *See* DUCivR 83-1.4(c)(1)(A) (governing withdrawal when a party will be left without representation); DUCivR 83-1.4(d)(2) (governing withdrawal without the client's consent).

the procedural posture of the case—and where Drip Capital's arguments in opposition relate to issues before the bankruptcy court—the motion[4] is granted.[5]

## BACKGROUND

Drip Capital filed suit against the defendants on September 1, 2022 alleging breach of contract and seeking a writ of replevin, money damages, and injunctive relief.[6]  Drip Capital named two defendants in its complaint: Seaich Card & Souvenir and Gentox Medical Services, LLC.[7]  After Drip Capital filed suit, however, Seaich Card filed for bankruptcy, which automatically stayed this action as to that party.[8]  Despite the stay of the case as to Seaich Card, Drip Capital intends to proceed with the writ of replevin and sale of Gentox's assets.[9]

Recently, in Seaich Card's bankruptcy case, the United States Trustee's Office filed two motions—a motion to either convert the case to a Chapter 7 liquidation or to dismiss the case, and a motion to remove Seaich Card (and its principal, Uriah Kennedy) from possession of Seaich Card's estate.[10]  In these motions, the United States Trustee asserts Mr. Kennedy has been

---

[4] (Doc. No. 42.)

[5] Oral argument is unnecessary; this decision is based on the parties' written memoranda.  *See* DUCivR 7-1(g).

[6] (*See* Compl. for Writ of Replevin and Assistance for Money Damages and for Injunctive Relief ("Compl."), Doc. No. 2.)

[7] (*Id.*)

[8] (*See* Notice of Bankruptcy and Automatic Stay, Doc. No. 37.)

[9] (*See* Opp'n 3, Doc. No. 2.)

[10] (*See id.* at 2.)

selling and possibly removing Seaich Card's assets by improper means.[11]  The United States Trustee also alleges Mr. Kennedy's bad acts have impacted Gentox's assets and inventory, since Mr. Kennedy is the principal for Gentox.[12]  These allegations form the basis of Drip Capital's opposition to the motion to withdraw.[13]

## ANALYSIS

Mr. Hadley's motion meets the requirements of the local rules governing withdrawal of counsel, and Drip Capital has not demonstrated any basis to deny withdrawal.[14]  Mr. Hadley seeks to withdraw due to "professional considerations that require termination of the representation."[15]  Drip Capital relies on the trustee's allegations regarding Mr. Kennedy and Gentox's assets to argue this case is at a "critical time" and counsel should not be allowed to withdraw until issues related to these allegations are presented to and addressed by this court.[16]  However, Drip Capital has not filed any motions in this case addressing the trustee's concerns.  Those issues remain solely before the bankruptcy court.

---

[11] (*Id.*)

[12] (*Id.*)

[13] (*See generally id.*)

[14] *See* DUCivR 83-1.4(c)(3) ("Withdrawal may not be used to unduly prejudice the non-moving party by improperly delaying the litigation.").

[15] (Mot. 1, Doc. No. 42.)

[16] (*See* Opp'n 3, Doc. No. 44.)

Drip Capital voices particular opposition to the automatic twenty-one-day stay of this case provided by the rules in the event counsel is permitted to withdraw.[17]  Drip Capital argues the stay will be prejudicial and cause unfair delay.[18]  This argument is unavailing.  The local rules provide "[w]ithdrawal may not be used to *unduly* prejudice the non-moving party by *improperly* delaying the litigation."[19]  Here, Drip Capital has not shown Mr. Hadley's withdrawal will cause "*undue* prejudice and *undue* delay."[20]  Any prejudice to Drip Capital is mitigated by the procedural posture of this case.  Mr. Hadley's withdrawal will have little prejudicial effect where no scheduling order has been entered, no hearings are scheduled, no active motions are pending,[21] and no trial date has been set in this matter.[22]  Indeed, the only activity in the case since October 2022 relates to Mr. Hadley's motion to withdraw.  Moreover, Drip Capital's argument regarding unfair delay resulting from the twenty-one-day stay is

---

[17] (*See id.*); *see also* DUCivR 83-1.4(c)(1)(A)(iii).

[18] (*See* Opp'n 3, Doc. No. 44.)

[19] DUCivR 83-1.4(c)(3) (emphasis added).

[20] *Taylor v. Nat'l Collegiate Student Loan Trust 2007-1*, No. 2:19-cv-00120, 2020 U.S. Dist. LEXIS 253253, at *7 (D. Utah June 29, 2020) (unpublished) (emphasis added); *see also* DUCivR 83-1.4(c)(3).

[21] Although an Ex Parte Motion for a Temporary Restraining order appears on the docket as a pending motion, (*see* Doc. No. 4), after hearing argument on the motion, (*see* Minute Entry, Doc. No. 17; Minute Entry, Doc. No. 22), the district judge permitted the parties to proceed by way of a stipulated interim agreement, (*see* Order, Doc. No. 23; Amended Stipulated Order, Doc. No. 33).  Where there has been no activity with respect to the motion since September 2022, any prejudice is mitigated and the motion is not an impediment to Mr. Hadley's withdrawal.

[22] (*See* Mot. 1, Doc. No. 42; Reply 4, Doc. No. 45); *cf.*, *Taylor*, 2020 U.S. Dist. LEXIS 253253, at *7–9 (denying a motion to withdraw when counsel filed new documents supporting a claim minutes before filing the motion to withdraw, the parties had completed fact discovery, and the parties were in the middle of briefing cross-motions for summary judgment).

weakened by the fact that it made no attempt to expedite the briefing on Mr. Hadley's motion to withdraw and filed no motions regarding the trustee's concerns of asset transfers in the meantime.[23]

Due to the procedural posture of the case and where Drip Capital's arguments opposing counsel's withdrawal relate to issues solely before the bankruptcy court, the motion[24] is GRANTED.[25]  Attorney Zachary T. Hadley is permitted to withdraw as counsel for Gentox Medical Services and Seaich Card & Souvenir.  The court ORDERS as follows:

1.      Mr. Hadley may withdraw and is hereby removed as counsel for Gentox Medical Services and Seaich Card & Souvenir.

2.      New counsel shall file a notice of appearance on behalf of Gentox Medical Services and Seaich Card & Souvenir, within twenty-one days after the entry of this order. Pursuant to DUCivR 83-1.3, an entity may not appear pro se, but must be represented by an attorney who is admitted to practice in this court.

---

[23] (*See* Reply 4, Doc. No. 45.)

[24] (Doc. No. 42.)

[25] In his reply to Drip Capital's opposition, Mr. Hadley asks the court to award attorney fees to the defendants.  (*See* Reply 6, Doc. No. 45.)  Mr. Hadley argues a fee award is justified because Drip Capital's opposition was untimely, and instead of seeking an extension or stipulation to justify the late filing, Drip Capital engaged in improper communications with chambers.  (*See id.*)  However, issues raised for the first time in a reply are generally not considered.  *See Ellis v. Hobbs Police Dep't*, No. 17-1011 WJ/GBW, 2019 U.S. Dist. LEXIS 107831, at *8–9 (D.N.M. June 27, 2019) (unpublished) (citing *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000)).  Accordingly, the request for attorney fees is denied.  *See, e.g.*, *Jive Commerce, LLC v. Wine Racks Am., Inc.*, No. 1:18-CV-49, 2019 U.S. Dist. LEXIS 48050, at *14–15 (D. Utah Mar. 21, 2019) (unpublished) (declining to grant attorney fees requested for the first time in a reply); *Lopez v. New Mexico*, No. 2:15-CV-00889 JCH/SMV, 2016 U.S. Dist. LEXIS 140732, at *4 (D.N.M. Oct. 11, 2016) (unpublished) (same).

3.     A party who fails to file a notice of appearance as set forth above may be subject to sanction pursuant to Rule 16(f)(1) of the Federal Rules of Civil Procedure, including but not limited to dismissal or default judgment.

4.     This action is stayed until twenty-one days after entry of this order.

## NOTICE TO PARTIES

The court will send this order, along with a copy of the court's prior order to propose schedule,[26] to Gentox Medical Services and Seaich Card & Souvenir at the physical addresses set forth in the motion to withdraw, and to all other parties.

DATED this 18th day of May, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. No. 47.)